Chief Justice Robertson
delivered the Opinion of the Court.
CROMWELL — as assignee of Orear, who was assignee of King — sued Jones for a breach of covenant in failing to convey a tract of land, which he had sold and covenanted to convey, on the payment of the whole considera-J tion.
The declaration averred that, “ ruary, 1832, the defendant was Jully paidit also averred, that the covenant had been assigned to Orear, on the 22d of July, 1830, and by Orear to Cromwell, on the Slst of July, 1832, of which Jones “ had due notice,” but that he had failed and refused to make a deed to Orear. ; on the 27ih day of Feb- . , , 17 J ' ,
Jones offered a plea, denying that Orear had assigned the covenant to Cromwell. But the court refused to allow it to be filed, because (as we presume) there was no affidavit of its truth.
He theft pleaded that, “neither the said Richard P. King, nor the said Jeremiah Orear, nor the plaintiffs” had fully paid him for the land, and tendered an issue to the country. A demurrer to that plea having been sustained, damages were adjudged against Jones, on a writ of . ¶ ° enquny. .
*386 This writ of error is brought to reverse that judg* ment.
The circuit court did not err in rejecting the first plea. The seventh section of an act of 1812, 1 Dig. 99, provides, that, in a suit by an assignee of a bond, the defendant shall not require proof of the assignment, unless he shall annex to his plea, denying the assignment,'an affidavit that he believes that it was “forged.” But the plea in this case being only that there had been no assignment, it is argued, that the above recited enactment does not apply’ to it. It is true that, if there bad been no assignment, the plaintiff in error could not have sworn that “ the assignment” (which did not exist) had been forged. Nevertheless, his plea was inappropriate. He ought to have required oyer of the assignment. If there-was no assignment, oyer could not have been given, and then the plaintiff in the action would have failed. ■But if oyer had been given of an assignment, then, if it had been such as did not vest the legal cause of action in the assignee, a demurrer would have been proper. But if it had been such an assignment as prima facie authorized the suit, but was not genuine, then, to a plea denying its genuineness, an affidavit, that the plaintiff in terror believed that it had been forged would have heen ■necessary and proper.
But the second plea is substantially- good. The objection which has been urged against it, is, that the declaration averred only that “ the defendant had heen fully paid and that therefore a denial, merely that either .King, or Orear, or Cromwell, liad paid the consideration, was not responsive to the averment.
It seems to us, that the negation was commensurate with the allegation. If the latter be sufficient, it can be so only because it imports that the money had been paid by the covenantee, or his assignee,' or at the instance, and for the use, of the one or the other. The plea should be interpreted as importing precisely the converse; for, had the money been paid for King or his as-signee, it was paid by the person for whose use it had been paid.
*387 As the sufficiency of the declaration has been called in question, and may again be disputed, we will notice that also. The only objection which has been suggested, is, that there is no averment that no conveyance was made to King or to Cromwell. But the declaration shews that, on the 27th of February, 1832, when the breach is charged to have occurred. Orear held the note, as assignee, and that Jones had notice of that fact. Consequently, an averment that he did not make a deed to u Orear” was sufficient.
For the error in sustaining the demurrer to the second-plea, the judgment of the circuit court is reversed, and; the cause remanded.